## Case No. 2,737.

CITY BANK OF COLUMBUS v. BEACH.

[1 Blatchf. 438.] [1]

Circuit Court, N. D. New York. Oct. Term, 1849.

ACCOMMODATION PAPER—APPLICATION TO PRE-EXISTING DEBT—ACTION ON ACCEPTANCE — PLEADING.

1. H. drew a bill of exchange on "B. & Co.," which B., one of the firm, accepted, for the accommodation of H., without restriction, and without the knowledge or consent of his copartners, and not in the course of the partnership business. The acceptance was made by B.'s writing the name of the firm on the bill. The bill, with the acceptance upon it, was discounted by the plaintiffs for H., and the proceeds applied in payment of paper then held by the plaintiffs on which H. was liable, the plaintiffs knowing at the time that the bill was accommodation paper: *Held*, that H. had a right to use the bill in payment of an existing indebtedness of his, as well as for the purpose of raising money, and that, although the plaintiffs were chargeable with knowledge of the character of the bill, they were bona fide holders of it for value.

2. The plaintiffs were entitled to recover on the bill against B. as sole acceptor; and that such recovery could be had under a count in the declaration stating the bill to have been drawn on "B. & Co.," and to have been accepted by B. by the name and style of "B. & Co.," by writing the name of "B. & Co.," thereon.

At law. Assumpsit, tried before Mr. Justice Nelson and Judge Conkling, in October, 1847, at Albany. The action was on two bills of exchange, each for $1,000, drawn by one Haskell, at Cleveland, Ohio, on "Messrs. Wm. Beach & Co., Auburn, N. Y.," payable at the Bank of Commerce in New-York, to the order of and endorsed by Haskell; one dated February 2d, 1846, and payable four months after date, and the other dated February 10th, 1846, and payable three months after date. The action was against William Beach as sole acceptor of the bills. In the first four special counts of the declaration the bills

were stated to have been drawn on the defendant by the style and description of "Wm. Beach & Co.," Auburn, N. Y., requesting him by that name and style to pay the sums therein specified, and it was averred that he accepted the bills according to the usage and custom of merchants. In the last four special counts the bills were stated to have been drawn on Wm. Beach & Co., Auburn, N. Y., and to have been accepted by the defendant by the name and style of Wm. Beach & Co., and by writing the name of "William Beach & Co." thereon. At the trial, the corporate existence of the plaintiffs, (they being a banking corporation at Columbus, Ohio,) and the endorsements of the bills by Haskell, were admitted, and it was also admitted that the signatures, "William Beach & Co.," to the acceptances of the bills were in the handwriting of the defendant. The bills having been read in evidence, the plaintiffs claimed a verdict on them. The defendant insisted that the evidence did not support any one of the eight special counts, as the bills appeared on their face to have been drawn on the firm of William Beach & Co., and to have been accepted by the firm, whereas in the first four counts they were stated to have been drawn on the defendant, and in all the counts to have been accepted by him. On this ground the defendant moved for a nonsuit, but the court denied the motion. It was then admitted by the plaintiffs, that there was a firm of William Beach & Co., consisting of the defendant, of John C. Beach, and of Ebenezer S. Beach; and by the defendant, that the bills in question were accepted by the defendant individually, by writing thereon the name "William Beach & Co.," and that such acceptances were without the knowledge or consent of the other members of said firm, for the accommodation of Haskell, the drawer, and not in the course of any partnership dealings of the firm. The defendant then renewed his motion for a nonsuit, on the same grounds as before, and insisted further, that the plaintiffs could not recover under the common counts in their declaration, because the acceptance of a firm was not evidence, under the common counts, against one of the members of the firm; while the plaintiffs contended that the objection taken by the defendant should have been pleaded in abatement, and that, under the proof, the acceptances were the individual acts of the defendant. The court again overruled the motion. The defendant then proved by one Morrison, that, as agent for the plaintiffs, at Cleveland, Ohio, he discounted the bills in question, receiving them from Haskell, the drawer, and crediting him with the proceeds in payment of paper then held by the plaintiffs on which Haskell was liable; that Haskell then said that the two bills in question were to be paid by him; and that the acceptances were then upon the bills. On this evidence, the defendant requested the court to charge the jury, that if the bills in question were accepted

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

without value for the accommodation of Haskell, and the plaintiffs or their agent had notice thereof when the bills were received from Haskell, the plaintiffs could not recover upon the proof in the case, although they paid full value for the bills. The court refused so to charge, but instructed the jury that it appeared from the evidence that the plaintiffs had acquired a valid title to the two bills in suit, to which refusal and charge the defendant excepted. The jury found for the plaintiffs, and the defendant now moved for a new trial, on a case.

William H. Seward and Stephen A. Goodwin, for plaintiffs.

I. The defendant's motions for a nonsuit were correctly refused. 1. The defence that there were other joint contractors, which was the substance of the objection, could only be set up by plea in abatement. Burgess v. Abbott, 6 Hill, 138; Gilman v. Rives, 10 Pet. [35 U. S.] 298; Gow, Partn. 180; 1 Chit. Pl. 52, 53. 2. The defendant, having accepted the bills as accommodation paper, without the authority of his copartners, was individually liable on them. Laverty v. Burr, 1 Wend. 529; Green v. Beals, 2 Caines, 254; St. John v. Holmes, 20 Wend. 609; Tombeckbee Bank v. Dumell [Case No. 14,081]. 3. The bills were evidence under the common counts. Pierce v. Crafts, 12 Johns. 90; Cruger v. Armstrong, 3 Johns. Cas. 5; Mack v. Spencer, 4 Wend. 412; Barry v. Foyles, 1 Pet. [26 U. S.] 311. II. The court was correct in its refusal to charge the jury, that if the bills were accepted without value, for the accommodation of Haskell, and the plaintiffs or their agent had notice thereof when the bills were received from Haskell, the plaintiffs could not recover upon the proof in the case, although they paid full value for the bills. A contrary rule to that contended for by the defendant has been established in the courts of the United States. Townsley v. Sumrall, 2 Pet. [27 U. S.] 170; U. S. v. Bank of the Metropolis, 15 Pet. [40 U. S.] 393; Swift v. Tyson, 16 Pet. [41 U. S.] 1. In New-York. Brown v. Mott, 7 Johns. 361; Grant v. Ellicott, 7 Wend. 227. In Massachusetts. Cole v. Cushing, 8 Pick. 48; Munroe v. Cooper, 5 Pick. 412; Fall River Union Bank v. Willard, 5 Metc. [Mass.] 221; Chickopee Bank v. Chapin, 8 Metc. [Mass.] 42; Pacific Bank v. Mitchell, 9 Metc. [Mass.] 301. In Pennsylvania. Knight v. Pugh, 4 Watts & S. 445; White v. Hopkins, 3 Watts & S. 99. And in England. Charles v. Marsden, 1 Taunt. 224; Collins v. Martin, 1 Bos. & P. 651, per Eyre, C. J.; Bank of Ireland v. Beresford, 6 Dow, 237, per Lord Eldon; Fentum v. Pocock, 5 Taunt. 192; Haly v. Lane, 2 Atk. 181; Morris v. Lee, 1 Strange, 629; Edwards v. Dick, 4 Barn. & Ald. 212; Bowyer v. Bampton, 2 Strange, 1155; O'Keefe v. Dunn, 6 Taunt. 305; Ex parte Marshal, 1 Atk. 131; Arden v. Watkins, 3 East, 325; Darnell v. Williams, 2 Starkie, 166; Atwood v. Crowdie, 1 Starkie, 483; Bosanquet v. Dudman, Id. 1;

Watkins v. Maule, 2 Jac. & W. 237; Millis v. Barber, 1 Mees. & W. 425. And the same rule is laid down by elementary writers. Chit. Bills (9th Am. Ed.) 90, 245, 334; Bayley, Bills (5th Ed. 1830) 223, notes 16, 523, 524; 3 Kent, Comm. 86; Story, Bills, § 191, note 3, § 253.

Alvah Worden, for defendant.

I. The court should have ordered a nonsuit. 1. The averments in the first four counts, that the bills were drawn on the defendant by the style and description of Wm. Beach & Co., requesting him by that name and style to pay, were not proved, nor was it proved that the defendant accepted the bills. They were drawn upon and accepted by the firm. Mitchell v. Ostrom, 2 Hill, 520; Pope v. Barrett [Case No. 11,273]; Pease v. Morgan, 7 Johns. 468. 2. It is true, as stated in the last four counts, that the bills were drawn on Wm. Beach & Co., requesting them to pay, but it was not proved, as alleged in those accounts, that the defendant, by the name and style of Wm. Beach & Co., accepted the bills. Mason v. Rumsey, 1 Camp. 384; Wells v. Masterman, 2 Esp. 731; Dolman v. Orchard, 2 Car. & P. 104; Colly. Partn. (Last Ed.) § 410. 3. There was no necessity in this case, of pleading in abatement the non-joinder of the other members of the firm, because on such a plea the same issue would have been tendered that was made on the declaration. Id. § 401, note; Barry v. Foyles, 1 Pet. [26 U. S.] 315; Cabell v. Vaughan, 1 Saund. 291b. II. Morrison, as the agent of the plaintiffs, received the bills from Haskell with full notice of their accommodation character, and under such circumstances as to take away from the transaction the character of a bona fide transfer. Grant v. Ellicott, 7 Wend. 227; Swift v. Tyson, 16 Pet. [41 U. S.] 1; Chit. Bills (Ed. 1842) 80; Brown v. Taber, 5 Wend. 566; Bank v. Irvine, 3 Pa. St. 250; Grandin v. Le Roy, 2 Paige, 510; Griffith v. Reed, 21 Wend. 503; Charles v. Marsden, 1 Taunt. 224; Chit. Bills (Ed. 1842) 218, note r; Bayley, Bills (5th Ed.) 500, note 17; Martin v. Morgan, 1 Brod. & B. 289, 3 Moore, 635; Riley v. Johnson, 8 Hammond [Ohio] 526; Carlisle v. Wishart, 11 Ohio, 172; Cone v. Baldwin, 12 Pick. 545.

NELSON, Circuit Justice. Inasmuch as the acceptances of the defendant were without restriction, the drawer had a right to use them in payment of an existing indebtedness, as well as for the purpose of raising money; and, although the plaintiffs were chargeable with knowledge of the character of the paper, they were bona fide holders for value, and entitled to recover upon the bills.

The acceptances were made by the defendant without the privity or authority of the other members of the firm of William Beach & Co., and the plaintiffs were, therefore, entitled to recover against the defendant upon the bills, notwithstanding they were drawn

upon the firm, and accepted in the name of the firm. There was, also, no variance, in contemplation of law, between the declaration and the proof, especially as it respected the last four special counts.

CONKLING, District Judge. A new trial is asked for by the defendant, on account of the refusal of the court, first, to grant a nonsuit, and secondly, to instruct the jury as requested by the defendant.

The principles of law which are to govern the decision of the court upon the facts of this case as they appear from the evidence and the admissions of the parties, are well established and obvious. The bills having been accepted by the defendant in the name of the firm of William Beach & Co., which is proved to have consisted of three persons, of whom the defendant was one, the plaintiffs had a right prima facie to sue those persons jointly; but, the acceptance having been given by the defendant without the knowledge and consent of his copartners, and purely for the accommodation of the drawer, they were entitled to repudiate the act, and would have had it in their power, by so doing, to defend themselves successfully against a joint action, unless it should appear that the plaintiffs took the bills without notice of the defendant's want of authority to use the partnership name. On the other hand, the defendant having, by his own act, made himself absolutely liable, the plaintiffs had a right also to proceed against him individually, at the hazard only, with a declaration properly framed, of being met with a plea in abatement of the non-joinder of the other partners. They have chosen to adopt this latter alternative, and no plea in abatement has been interposed. It is argued, indeed, that when, in an action ex contractu, it appears on the face of the declaration that there were other joint contracting parties who have been omitted, a plea in abatement is unnecessary, and it seems to be assumed by the counsel for the defendant that the mere form of the acceptance in the present case was sufficient to bring it within the operation of this rule. Conceding both the assumption and the asserted rule of pleading, it would follow, not that the defendant can avail himself, under the plea of the general issue, of the non-joinder of the other two partners, but only that it furnishes ground for a demurrer, or may be made the foundation of a motion in arrest of judgment. But the assumption cannot be admitted. No person except the defendant being named as constituting the firm of William Beach & Co., for aught that appears on the face of the declaration, the defendant alone may have chosen to transact his mercantile business under that name, or his acceptance, in point of law, (as in reality appears to have been the case,) might have been his own individual act, for want of authority to bind his copartners.

It is, however, further argued, that there is a fatal variance between the declaration and the proof. Admitting this to be so with respect to the first four counts, in which the bills are represented to have been directed to the defendant under the name and style of Wm. Beach & Co., I think it is otherwise with respect to the next four succeeding counts. The averment in these latter counts, that the bills were directed to Wm. Beach & Co., and were accepted by the defendant under that name, is according both to the facts, and to the legal effect of the transaction as disclosed at the trial. I am unable, therefore, to discern any variance between the four last special counts and the evidence adduced to support them; nor have I been able to find any precedent for a form of pleading, better adapted to the case than that which the plaintiffs have adopted.

It follows, therefore, to say nothing of the indisputable want of power in the courts of the United States to grant a nonsuit in any case against the will of the plaintiff, that the denial of the motions made at the trial for a nonsuit, and also the refusal of the court to give the instruction prayed for, were perfectly proper.